UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DANIEL RAMSAY, for himself and on
behalf of others similarly situated,

        CASE NO.:

    Plaintiff,

vs.

KLOPP INVESTMENT CORP., a
Foreign corporation d/b/a EASY
RENTAL,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DANIEL RAMSEY ("Plaintiff"), for himself and on behalf of others similarly situated, files this Complaint against Defendant, KLOPP INVESTMENT CORP. d/b/a EASY RENTAL ("EASY") and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

### PARTIES

3.    At all times material to this action, Plaintiff was, and continues to be a resident of Miami-Dade County, Florida.

4.    At all times material to this action, Defendant EASY was, and continues to

1

be, a Foreign Profit Corporation, registered to do business in Florida. Further, at all times material hereto, Defendant EASY was, and continues to be, engaged in business in Florida, doing business in *inter alia*, Miami-Dade County and Broward County, Florida.

5. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material to this action, Defendant EASY was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, telephones, and furniture.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendant EASY from 2009 to August 2016 as a non-exempt hourly paid account manager.

14. Plaintiff's job duties included, but were not limited to, providing in store service to customers, taking payments, and pick-up and delivery of merchandise.

15. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

16. From 2009 to August 2016, Defendant failed to compensate Plaintiff and other account managers at a rate of one and one-half times each account manager's regular rate for all hours worked in excess of forty (40) hours in one or more workweeks.

17. Defendant's policies and practices that led to this failure to pay proper compensation, included, but were not limited to the payment of recorded overtime hours at straight-time (regular) rates, with no overtime premium.

18. Plaintiff and other account managers who opt-in to this action should be compensated at the rate of one and one-half times their regular rate of pay for all hours that these account managers worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

19. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

20. Upon information and belief, the policies and practices described in paragraph 17 were/are equally applicable to all other non-exempt account managers employed by EASY.

21. The additional persons who may become plaintiffs in this action are other account managers employed by EASY who were denied proper overtime compensation for all overtime hours worked due to Defendant's illegal practices as described in

paragraph 17 above.

22. Defendant has violated Title 29 U.S.C. §207 from at least 2009 to August 2016, in that:

   a. Plaintiff, and those similarly situated worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendant; and

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. Defendant's failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful, as Defendant was aware of the hours Plaintiff worked, and paid overtime for certain hours, but refused to pay overtime for all overtime hours worked, even though they knew, or reasonably should have known, of the uncompensated overtime hours.

24. In addition, in 2010 or 2011, Plaintiff complained about not receiving proper overtime compensation, and Defendant issued Plaintiff a check for certain unpaid overtime compensation. However, subsequent to that payment, Defendant continued to fail to pay Plaintiff for all of his overtime hours at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

25. Defendant failed and/or refused to properly disclose or apprise Plaintiff

of his rights under the FLSA.

26. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. From at least 2009 to August 2016, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff, was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the three years preceding the date this Complaint is filed.

30. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

31. Upon information and belief, other account managers who worked for Defendant in the three years preceding the filing of this Complaint were also not paid overtime in one or more workweeks during their employment pursuant to the same management practices, policies or plans applicable to Plaintiff, and described in this

Complaint.

32. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

33. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of others similarly situated, requests conditional certification pursuant to Section 216(b) of the FLSA, of a class of account managers who were subject to the unlawful practices described herein; an order permitting Notice to all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 15th day of February, 2017.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*